**STATE DEPARTMENT OF POLLUTION CONTROL v.
UNIVERSAL ADAMS, Inc., et al.**

No. 73-843-CA.

Circuit Court, St. Lucie County.

March 28, 1974.

James R .Brindell and William P. White, Jr., both of Tallahassee, for the plaintiff.

R. Dean Tooker, Stuart, for the defendants.

JAMES E. ALDERMAN, Circuit Judge.

*Final judgment:* This cause having come on for hearing before this court on February 19 and 20, 1974, and March 22 and 27, 1974, the court makes the following —

### Findings of fact

(1) The savannas up to at least the 15 ft. contour line are waters of the state under Florida Statutes, chapter 403.

(2) The defendants undertook certain dredging and filling and construction of a causeway in the savannas without a permit from the plaintiff, Department of Pollution Control.

(3) The dredging and filling and resultant causeway and golf course areas constructed in or planned by the defendants to be constructed in the savannas and directly adjacent to the savannas can reasonably be expected to be sources of water pollution as contemplated by Florida Statutes §403.087. It can reasonably be expected that stormwater would pick up substances such as tire debris, oils, greases, fertilizers, nutrients and sediments from such causeway and golf course areas and would run off into the savannas in such amounts and concentrations as to be harmful to plant, animal, and aquatic life; and that dredging and filling would result in turbidity in such amounts and concentrations as to be harmful to plant, animal, and aquatic life in the savannas.

(4) The defendants need to obtain a permit from the plaintiff, Department of Pollution Control, for the construction already completed, as well as for that construction contemplated by the defendants in the savannas.

It is thereupon ordered and adjudged as follows —

(1)   The defendants shall apply to the plaintiff for a permit under Florida Statutes, Chapter 403, in accordance with the stipulation between the plaintiff and defendants, attached hereto and by reference made a part hereof.

(2)   The plaintiff and defendants shall comply with the terms of the stipulation, attached hereto and by reference made a part hereof.

(3)   The temporary injunction heretofore entered by this court shall remain in effect until the appropriate permit is obtained by the defendants from the plaintiff.

(4)   The court retains jurisdiction in this cause for the purpose of entry of any subsequent orders which may be necessary to carry out the provisions of this final judgment and the stipulation attached hereto and by reference made a part hereof.